Kevin Koelbel, SBN 016599
LAW OFFICES OF KEVIN KOELBEL, P.C.
7303 W. Boston Street
Chandler, AZ 85226
(480) 705-7550
(480) 705-7503 Fax
kevin@koelbellaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shelia Sakerka, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>American International Group, Inc., an ERISA benefit plan and plan administrator,<br><br>Defendant. | **No.**<br><br>**COMPLAINT** |

For her claim against Defendant American International Group, Inc. ("AIG"), Plaintiff Shelia Sakerka ("Sakerka") alleges as follows:

**JURISDICTION AND VENUE**

1. Sakerka was a resident of Maricopa County, Arizona at all relevant times.

2. AIG is a purported ERISA benefit plan (the "Plan") established and maintained by AIG for the benefit of its employees. The Plan offered long-term disability ("LTD") benefits.

3. AIG is also the Plan Administrator, Plan Sponsor and employer.

4. The Plan is funded completely and solely through an insurance policy (No. GLTD 10761, the "Policy") issued by American International Life Assurance Company of New York ("AI Life").

5. The Policy is administered by AI Life.

6. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132, and because the Plan and AIG have caused events to occur in Arizona out of which Sakerka's claims arise.

7. This Court has jurisdiction over the subject matter of this action under ERISA 29 § 1132(a)(e), 28 U.S.C. § 1131 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

8. Venue is proper in this District under ERISA, 29 § 1132(e)(2); and 28 U.S.C. § 1391(b).

**GENERAL ALLEGATIONS**

9. AIG provided certain employees with long-term disability insurance pursuant to the Plan and the Policy.

10. At all times relevant, Sakerka was an employee of AIG, became a covered individual under the Plan and remained continuously employed.

11. Sakerka qualified for the LTD Benefits under the Plan.

12. Under the terms of the Plan, AIG promises and AI Life becomes obligated to pay covered LTD insurance benefits to Sakerka if, after the elimination period and for the following 24 months (the "own-occ" period), she is prevented by" (a) accidental bodily injury, (b) sickness, (c) mental illness, (d) substance abuse, or (e) pregnancy from performing one or more of the Essential Duties of [her] Own Occupation, and as a result [her] Current Monthly Earnings are less than 80% of [her] Indexed Pre-disability Earnings. After the own-occ period (the "any-occ" period), she must be so prevented from performing one or more Essential Duties of Any Occupation for which she is qualified by education, training, or experience.

13. Prior to becoming disabled, Sakerka was an assistant underwriter.

14. On May 15, 2001, Sakerka was approved for LTD benefits under the own-occ terms of the policy.

15. On May 14, 2003, Sakerka was approved for LTD benefits under the any-occ terms of the policy.

16. Sakerka's LTD benefits were approved based on her cervical spondylosis and fibromyalgia.

17. Since being approved for LTD benefits, Sakerka has also been diagnosed with cervical radiculopathy, hypertension, hypercholesterolemia, myalgia and myositis, and migraine headaches.

18. Sakerka's medical condition has not improved and, in fact, worsened since AIG first approved any-occ benefits.

19. Sakerka continues to be totally disabled as defined by the Plan.

20. AIG assisted Sakerka in seeking and obtaining Social Security disability benefits.

21. Sakerka qualified for Social Security disability benefits as of November 1, 2011 and continues to qualify for benefits.

22. AIG terminated Sakerka's claim for LTD benefits on May 11, 2010. Sakerka timely appealed the termination of benefits on March 4, 2011.

23. The deadline, under ERISA regulation, for AIG to make a decision on Sakerka's appeal passed without a decision on her appeal.

24. AIG's failure to render a decision means Sakerka has exhausted her administrative remedies and AI Life has failed to exercise any discretion it may purport to have.

25. Sakerka's claim is subject to *de novo* review.

26. Sakerka satisfied all of the jurisdictional prerequisites to filing a claim in federal court.

27. On information and belief, Sakerka may be entitled to additional benefits from AIG as a disabled employee including, but not limited to, health insurance, life insurance and retirement/pension credits.

**COUNT I**
**(Recovery of Plan Benefits)**

28. All previous paragraphs are incorporated by reference.

29. The Plan is an Employee Welfare Benefit Plan as defined in ERISA, 29 U.S.C. § 1002. Defendants are the Plan, plan administrators or plan fiduciaries of the Plan under ERISA.

30. The Plan represents LTD coverage and a promise to provide LTD benefits until Sakerka is no longer disabled under the terms of the Plan.

31. Sakerka became disabled in 2001, and continues to be disabled and is unable to perform the duties of her occupation or any other gainful occupation under the terms of the Plan. She has claimed the benefits under the Plan to which she is entitled.

32. Sakerka reasonably expected that her conditions met the requirements of Disability as defined by the Plan and that she would receive benefits under the Plan until her normal retirement age or until she was no longer disabled.

33. Despite the coverage of Sakerka's disability, AI Life has improperly denied LTD benefits to Sakerka in breach of the Plan. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

34. AI Life's determination that Sakerka was not entitled to benefits was influenced by an improper conflict of interest.

35. AI Life improperly inserted terms into the Plan that substantially altered the definition of disability under which Sakerka is entitled to benefits.

36. Sakerka has exhausted her administrative remedies.

37. The Defendants are not entitled to an arbitrary and capricious standard of review of their decision in this action.

38. Pursuant to the coverage provided in the LTD Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Sakerka is entitled to recover all benefits due under the terms of the LTD Plan and the Plan, and to enforce her rights under the terms of the LTD Plan and the Plan. Sakerka is further entitled, under the terms of ERISA 29 U.S.C. § 1132(a)(1)(B) and to the Federal Declaratory Judgments

Act, 28 U.S.C. §§ 2201 and 2202, to clarification in this action in this Court of her rights to future benefits under the LTD Plan and Plan.

39. Sakerka is entitled to reinstatement of any other employee benefits that were terminated, discontinued, or suspended as a result of the termination of her disability benefits.

40. Pursuant to 29 U.S.C. § 1132(g), Sakerka is entitled to recover her attorneys' fees and costs incurred herein from AI Life and the Plan.

41. Sakerka is entitled to prejudgment interest on the benefits to which she is entitled and on her damages at the highest legal rate until paid.

WHEREFORE, Sakerka prays for entry of judgment against Defendants as follows:

A. For all past and future benefits under the terms of the Plan;

B. Enforcing Sakerka's rights under the terms of the Plan;

C. Clarifying and determining Sakerka's rights to future benefits under the terms of the Plan;

D. For an award of Sakerka's attorneys' fees and costs incurred herein;

E. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

F. For such and further relief as the Court deems just and reasonable.

Dated this 13th day of June 2011,

LAW OFFICES OF KEVIN KOELBEL, P.C

By: s/Kevin Koelbel
Kevin Koelbel
Attorney for Plaintiff